essary consequences. By receiving on board his ship, and transporting to a foreign country, the libellant and his companions he has knowingly assisted in carrying out an alleged sentence, in violation of the most sacred rights of citizens, and has made himself a particeps criminis, so far as the execution of that sentence was concerned. It was not distinctly shown that the respondent was a member of the vigilance committee. It was testified by Carr that he had seen him in their rooms, and no proof was offered to show that he was not a member, —a fact which, if he were not a member, could have been established. But whether a member or not, it is clear that he must have known of their proceedings with regard to the libellant, and he willingly assisted in executing their decree. The libellant was brought on board the vessel to be transported to a foreign country, without money, and destitute of even a change of clothing. In this condition, and with disgrace attaching to him which was the necessary consequence of being put on shore under such circumstances, he was left at Honolulu to gain a subsistence as he could. The respondent must have been fully aware of the sufferings to which a man so landed in a foreign country,—destitute, without friends, with the brand of a criminal upon him, and brought there as a prisoner, unfit to reside in his own home,—must have been exposed; and if he, knowing these results to be the natural and inevitable consequences of the abduction, consented to commit it, the case is very different from that of abducting, or, as it is called, "shanghaiing," a seaman, who at the close of a voyage is left in no worse condition than when he commenced it. It has appeared to me that for a tort of this kind—high-handed and deliberate, in open and contemptuous violation of the hitherto supposed inviolable rights of the citizen—the court should award exemplary damages. It is of the last importance that masters and agents of ships should learn that, whatever be the power that in moments of popular excitement illegal bodies of men may usurp, and for a time exercise, and however important the local laws of a state may temporarily be found, yet, on American vessels on the high seas, the laws of the United States are still supreme; that the power of vigilance committees and similar bodies stop at least with the shore, and that the ocean is not to be the scene, nor American vessels the instruments, for the execution of their decrees.

I shall award to the libellant the sum of $3,000; for which, with costs, a decree must be entered.

## Case No. 5,197.

In re GALLAHER et al.

[See Case No. 5,192.]

## Case No. 5,198.

GALLAHUE et al. v. BUTTERFIELD.

[10 Blatchf. 232; 6 Fish. Pat. Cas. 203; 2 O. G. 645; Merw. Pat. Inv. 340.] [1]

Circuit Court, S. D. New York. Dec. 6, 1872.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 10 Blatchf. 232, and the statement is from 6 Fish. Pat. Cas. 203; Merw. Pat. Inv. 340, contains only a partial report.]